LA MONTAGNE et al. v. BANK OF NEW YORK NAT. BANKING ASS'N.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. APPEAL AND ERROR (§ 1097*)—LAW OF THE CASE.

The decision of the Court of Appeals is the law of the case which the Appellate Division on a subsequent trial must follow unless such new facts have been established on the retrial as to make the decision inapplicable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4364; Dec. Dig. § 1097.*]

—————————————————————————————————————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Ren'r Indexes

2. BANKS AND BANKING (§ 129*)—DEPOSITS—TITLE TO FUNDS OF PARTNER-
SHIP.

Where a deposit in a bank was made with a view to the formation of a
partnership by partners in an old firm and third persons, the partners of
the new firm, the moment it became organized, could draw on the account
in the name of the new firm, and the bank must honor their checks.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 129.*]

3. BANKS AND BANKING (§ 129*)—PAYMENT OF CHECK—LIABILITY OF BANK.

A new firm took over the assets and continued the business of the old
firm, and was required to pay the debts of the old firm up to the value at
least of the assets received. A partner of the new firm drew a check on
its deposit to pay a bona fide debt of the old firm to the bank on an over-
draft. *Held*, that the bank paying the check was not liable for the
amount of the check in a subsequent action by the new firm.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 129.*]

Appeal from Order Entered on Report of Referee.

Action by Edward La Montagne, Jr., and others against the Bank
of New York National Banking Association. From a judgment of
dismissal entered on the report of a referee, plaintiffs appeal. Af-
firmed.

See, also, 124 App. Div. 924, 108 N. Y. Supp. 1138.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
CLARKE, and DOWLING, JJ.

A. C. Brown, for appellants.
William B. Hornblower, for respondent.

SCOTT, J. This case has once been to the Court of Appeals, and
its opinion (183 N. Y. 173, 76 N. E. 33) contains the law of the case
which we are bound to follow, unless such new facts have been estab-
lished upon the retrial that the former opinion is no longer applicable.
We have examined the record with care in the light of the former
opinions, and have been able to find no new facts which would justify
us in applying any different rule of law than that heretofore applied.
It is now made clear that the articles of copartnership had not been
signed when the deposit of $200,000 was made to the credit of the
new firm, but they had been signed when the check for $60,000 was
drawn and deposited to the credit of the old firm, although the req-
uisite certificate to do business had not yet been filed. The court of
Appeals held that the deposit of $200,000 check established the re-
lation of debtor and creditor between the bank and the new firm, and
that this relation would have continued if the certificate had never
been filed. The deposit was made with a view to the formation of
the new firm, and the moment that firm was organized the partners
had a right to draw upon the account in the firm name, and the bank
was bound to honor their checks. We find nothing in the circum-
stance that the deposit was made before the copartnership was formed,
to render the opinion of the Court of Appeals inapplicable. It also
now appears that the old firm was actually insolvent when the new
firm was organized, but it does not appear that either of the Fultons
knew this fact. It does clearly appear from the evidence that it was
the intention of the parties (although not so expressed in the articles)

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the new firm should take over and continue the business of the old, and, in point of fact it did so, paying the debts of the old, and taking whatever there was of assets. As was said by the Court of Appeals the new firm was bound to pay the debts of the old up to the value of the assets at least. The fact that the assets ultimately fell short of the whole indebtedness cannot make the bank liable for a check, regular upon its face, given in payment of a bona fide debt. We find nothing in the new facts to justify any different result from that which was arrived at before.

The judgment is therefore affirmed, with costs. All concur.